Filed 12/20/21  P. v. Smith CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H048519 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1921526) |
| v. | |
| MICHAEL PERNELL SMITH, | |
| Defendant and Appellant. | |

Appellant Michael Pernell Smith appeals the imposition of a supervision fee in light of a subsequent statutory amendment rendering the fee unenforceable and uncollectible.  We order the fee vacated.

### I.  PROCEDURAL BACKGROUND[1]

On February 19, 2020, the Santa Clara County District Attorney charged Smith by information with inflicting corporal injury on a specified person (Pen. Code, §273.5 subd. (a)[2]; count 1), false imprisonment (§ 236; count 2), attempting to dissuade a victim or witness from prosecuting a crime (§ 136.1, subd. (b)(2); count 3), and five counts of misdemeanor violation of a protective order (§ 166, subd. (c)(1); counts 4–8).

---

[1] As the facts of Smith's crimes have no bearing on the issue he advances in this appeal, we do not recount them.

[2] Unspecified statutory references are to the Penal Code.

On August 17, 2020, Smith pleaded no contest pursuant to a written plea agreement. The People amended count 1 to a misdemeanor violation of section 273.5, subdivision (a), and Smith pleaded no contest to the amended count 1 and to counts 2 and 4 of the information. He agreed to serve a state prison sentence of three years pursuant to section 1170, subdivision (h), one year of which would be spent in custody followed by two years of mandatory supervision.[3]

On October 1, 2020, the trial court denied Smith probation and imposed a prison term of three years on count 2 (§ 1170, subd. (h)(5)(B)) and 364 days on counts 1 and 4, to be served concurrently with count 2. The court awarded 385 days of custody credit. The court deemed satisfied the jail sentences on counts 1 and 4 and ordered Smith to serve on mandatory supervision the remaining 710 days of his sentence on count 2.[4] The court dismissed counts 3, 5, 6, 7, and 8. (§ 1385.)

The court imposed both a $900 restitution fine (§ 1202.4, subd. (b)) and a suspended restitution fine (§ 1202.45) and stayed them pursuant to *People v. Duenas* (2019) 30 Cal.App.5th 1157. The court waived all other fees except for a monthly supervision fee of $10. (§ 1203.1b.)

## II. DISCUSSION

Assembly Bill No. 1869 (2019–2020 Reg. Sess.) (Assembly Bill 1869) repealed the statute authorizing the supervision fee (section 1203.1b), which at the time of Smith's sentencing authorized a trial court to order defendants placed on mandatory supervision

---

[3] Among other changes, the 2011 Realignment Act (Stats. 2011, ch. 15, § 1), created a category of postrelease supervision known as mandatory supervision. (See *People v. Bryant* (2021) 11 Cal.5th 976, 982 (*Bryant*).) "For eligible felony offenders, the trial court must generally impose a split local sentence with execution of a portion of the term suspended and the defendant released from jail under terms of 'mandatory supervision.' (§ 1170, subd. (h)(5)(B).)" (*Ibid.*) "While on mandatory supervision, the offender is supervised by the probation department 'in accordance with the terms, conditions, and procedures generally applicable to persons placed on probation.' " (*Ibid.*)

[4] The trial court imposed a number of conditions of supervision, none of which (other than the fees imposed) are at issue in this appeal.

to pay costs to the probation department.  (See *Bryant*, *supra*, 11 Cal.5th at p. 988, fn. 7; former § 1203.1b.)  In relevant part, Assembly Bill 1869 enacted section 1465.9, subdivision (a), which provides "On and after July 1, 2021, the balance of any court-imposed costs pursuant to Section . . . 1203.1b . . ., as [that] section[] read on June 30, 2021, shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated."  (Stats. 2020, ch. 92, § 62.)

Smith contends that section 1465.9 requires vacatur by this court of the supervision fee.  Smith relies on *People v. Clark* (2021) 67 Cal.App.5th 248 (*Clark*) for the proposition that this appeal is not barred by section 1237.2, which in turn provides that an appeal may not be taken from a judgment " 'on the ground of an error in the imposition or calculation of . . . fees . . . unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction in the trial court, which may be made informally in writing.' "

In *Clark,* the Court of Appeal decided that changes to fees as a result of Assembly Bill 1869 do not fall within section 1237.2's mandate because, although the challenged fee "lacks any current legal basis" (*Clark*, *supra*, 67 Cal.App.5th at p. 257), it "was correctly imposed and correctly calculated at the time of its imposition."  (*Ibid*.)  Because "there was no 'error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs' (§ 1237.2)" at the time of the original sentencing, section 1237.2 does not apply.  (*Clark*, at p. 257.)

Smith also relies on *Clark* for the proposition that this court must order vacatur of the fee, rather than relying on its automatic invalidation by operation of section 1237.2.  The Court of Appeal reasoned, "Assembly Bill 1869 . . . is not self-executing to the extent it authorizes a defendant debtor to request vacatur of the 'portion' of a judgment imposing an outstanding, uncollectible 'balance' of indebtedness.  To truly wipe out that phantom debt, any appellant in Clark's position may make such a request, and if he or she

3

does, we must grant it even though the pertinent fees are no longer collectible. The language of the statute is mandatory (i.e., 'shall be vacated')." (*Clark*, *supra*, 67 Cal.App.5th at p. 259, italics omitted.)

The Attorney General concedes that the supervision fee must be vacated under section 1465.9, but he maintains, first, that this act has already been accomplished by the County of Santa Clara and, second, if Smith wishes a formal order, then he should seek an order in the trial court in the first instance. The Attorney General points to a Web site maintained by the Santa Clara County Probation Department that states that the County of Santa Clara has stopped collecting fees for a variety of probation services (including " 'Probation Supervision' ") and " '[a]ll outstanding balances for these fees have been deleted.' " Without citing to any statutory or case authority (other than section 1237.2), the Attorney General asserts "judicial economy is better served by requiring relief pursuant to [Assembly Bill] 1869 to be sought in the trial court."

We are sympathetic to the Attorney General's position and recognize the administrative burden that section 1465.9 imposes on the appellate ecosystem. However, at its core the Attorney General advances a policy rather than a legal argument. Applying, as we must, the relevant statues, we agree with the Court of Appeal in *Clark* that Smith may seek relief in this court, and we are required pursuant to section 1465.9 to order vacatur of the supervision fee.

## III. DISPOSITION

The judgment is modified to vacate any portion of the $10 monthly supervision fee (Pen. Code, § 1203.1b) that remained unpaid as of July 1, 2021. (Pen. Code, § 1465.9, subd. (a).) As so modified, the judgment is affirmed.

4

_____
                     Danner, J.

WE CONCUR:

_____
Greenwood, P.J.

_____
Grover, J.

**H048519**
*People v. Smith*